No. 20-1521

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal from the United States |
| | ) | District Court for the |
| *Plaintiff-Appellee,* | ) | Southern District of Illinois |
| | ) | |
| v. | ) | Case No. 17-cv-295-SMY |
| | ) | |
| IYMAN FARIS, | ) | |
| | ) | Honorable Staci M. Yandle |
| *Defendant-Appellant.* | ) | |

## DEFENDANT-APPELLANT'S STATUS REPORT

Defendant-Appellant, **IYMAN FARIS**, by and through his attorneys **THOMAS ANTHONY DURKIN** and **ALANNA G. MORGAN**, submits Defendant-Appellant's Status Report, pursuant to the Court's Order of September 10, 2021. (Dkt. #30).

On September 9, 2021, Defendant-Appellant filed Defendant-Appellant's Status Report. (Dkt. #29). The status report proposed filing a further status report on or before September 24, 2021, or a staying of these proceedings. Additionally, the government's position in the September 9, 2021 status report was that, while it maintained that additional extensions should not be granted, the United States would not oppose a two-week extension in light of government counsel's extended absence due to a family emergency. (Dkt. #29).

On September 9, 2021, upon consideration of the status report, the Court ordered that "counsel for the Appellant shall file either a further status report or a motion to dismiss this appeal by no later than September 9, 2021." (Dkt. #30).

As described in the May 3, 2021 status report (Dkt. #19), undersigned counsel received an email on May 1, 2021 from Defendant-Appellant's relative in Pakistan saying that Defendant-Appellant had contracted the COVID-19 virus in Pakistan. Accompanying the email was a photograph purporting to show Defendant-Appellant in a hospital bed receiving oxygen.[1] On June 13, 2021, as described in the June 24, 2021 status report (Dkt. #23), counsel received three videos of Defendant-Appellant from his family. The videos showed Defendant-Appellant laying in a hospital bed while doctors attended to him, as well a voice message recorded by Defendant-Appellant.[2] In the July 26, 2021 status report, counsel also reported that on July 13, 2021, counsel sent a message to the family contact that read, "Please tell Iyman that if we do not hear from him we will have to move to dismiss the appeal without prejudice." The family contact responded:

---

[1] As described in prior status reports, on May 23, 2021, the relative also informed counsel that Defendant-Appellant is still medically quarantined in isolation in Pakistan due to the virus; and, therefore, the doctors would not let the relative speak with him, let alone counsel.

[2] The following rough transcription of the voice message, prepared by counsel's paralegal, was included in the June 24, 2021 status report and is produced again below for the Court's reference:

> *Hey Tom, it's Iyman Faris here. As you can see, I'm back in the hospital. I don't know how this thing is going to go because this is my third time, and I'm not feeling well at all. I suggest you–I don't know what the legal ramifications are, but I suggest asking for a long extension, or if not, somehow ask the court to dismiss without prejudice. And then once I'm well, if I recover, we can pursue this. Otherwise, it's really looking dim. I've just been making trips to the hospital. So let me know. I'm in no mood or position to mount any defense or logically think through my options. I'm back in a military hospital because there's orders here that I have to be quarantined again. I have severe issues. My blood count is down. Lots of things going on. So I am not sure what the best action moving forward is. Please let my cousin know. I understand the urgency of this issue, but unfortunately, I can't do anything about it. Take care.*

2

> *I have tried connecting iyman but he is up in the mountains and he is not mentally ready to decide something regarding this case, so he needs time to recover mentally and decide what is best for him, I think we can get more time if we request for any other different lawyer from court, This can get us some extra time during which we can connect with Iyman and he would be able to deal rationally with this case, but for now he is not fully recovered from that trauma so he thinks that he is not in condition to take any decision.*

Counsel have continued to request updates from Defendant-Appellant's family. Counsel has also clearly communicated the urgency of the situation to the family contact and that it is imperative that he speak with Defendant-Appellant himself. As described in the August 25, 2021 status report, the family contact sent a message to counsel on August 20, 2021, stating the following:

> *Faris is missing for over a week. We are trying to search him if we get any clue then i will communicate it to you but until that please request court for a new lawyer as his last instruction. Our family is looking into his affairs with Pakistan government because we think that he is under custody of any intelligence agency*

As described in the September 9, 2021 status report, the family contact has continued to express their concern about Defendant-Appellant being missing and their suspicion that he may be in the custody of a government agency. The family contact also requested counsel's help in locating Defendant-Appellant.[3]  As of

---

[3] As described in the September 9, 2021 status report, on or around September 2, 2021, the family contact sent a message to counsel stating the following:

> *Sir faris is still missing and most probably he is going through same circumstances which he had to go through right after his arrival in Pakistan, he was also held by same agencies when he was handed over by US. We are trying to figure out the way to get his information but still we are unable to get any clue. I will keep you updated about every development in this regard*

> *We all are very much worried about him, if somehow you can legally help us in locating him then it will be a huge favour for us*

September 22, 2021, Defendant-Appellant is still missing, according to the family contact.

As such, undersigned counsel have still not been able to adequately discuss the dismissal of this appeal and obtain Defendant-Appellant's express authorization to dismiss the appeal. However, counsel still do not feel that they are at liberty to forgo the appeal at this time, consistent with their professional obligations to Mr. Faris. This is now all the more critical in that the issue most at stake in this appeal is the government's plea agreement promise in the underlying criminal case to protect Faris.[4] If Faris is now in jeopardy in Pakistan, counsel cannot in good conscience now move to dismiss the appeal without Defendant-Appellant's express permission. As such, counsel defers to the Court.

Therefore, considering the position of the government and the Court, counsel respectfully submits that either a further status report or the staying of these proceedings would be the most appropriate course of action for the Court to take at this time.

Defendant-Appellant has discussed all of the above developments with government counsel. Counsel set forth the government's position as follows:

> It is the government's position that the Court should dismiss this action for lack of prosecution, or, in the alternative, should reinstate the briefing schedule. Defendant-Appellant's appeal has been pending for nearly 18 months, yet Defendant-Appellant has not yet filed his opening brief. Specifically, Defendant-

---

[4] The pertinent part of his plea agreement reads as follows: "It is understood that the defendant's truthful cooperation with the United States is likely to reveal activities of individuals who might use violence, force, and intimidation against the defendant and possibly members of his family. Should defendant's cooperation present a significant risk of physical harm, the United States, upon the written request of the defendant, will take steps that it determines to be reasonable and necessary to attempt to ensure his safety and that of his family. These steps may include application to the Witness Security Program of the United States Marshal's Service, whereby the defendant and his family, if approved, could be relocated under a new identity." (Faris Plea Agreement, p. 8, ¶10).

4

Appellant's appeal was docketed with this Court on April 1, 2020, and his opening brief was due by May 11, 2020. Dkt. No. 1. Defendant-Appellant thereafter filed four motions to extend the time to file his opening brief. Dkt. Nos. 3, 5, 7, 9, 11. On November 24, 2020, the Court entered an order suspending briefing and ordering Defendant-Appellant's to file either a status report "regarding the pending settlement" or a motion to dismiss by January 19, 2021. Dkt. No. 12. Defendant-Appellant has now filed ten status reports. Dkt. Nos. 13, 15, 17, 19, 21, 23, 25, 27, 29. In the first status report, Defendant-Appellant asked to file a subsequent status report because the government had imminent plans to remove him. Dkt. No. 13. Defendant-Appellant was successfully removed to Pakistan on January 20, 2021. In the second and third status reports, Defendant-Appellant asked to file subsequent status reports because his family reported that Defendant-Appellant had been detained upon his removal to Pakistan and neither party could ascertain his whereabouts. Dkt. Nos. 15, 17. In the fourth, fifth, and sixth reports, Defendant-Appellant asked to file subsequent status reports because Defendant-Appellant had purportedly contracted COVID-19 and was unable to tell his attorney whether he intended to proceed with briefing his appeal. Dkt. Nos. 19, 21, 23. In the seventh status report, Defendant-Appellant requested additional time to consider whether to pursue this appeal because he was "up in the mountains" and "not mentally ready to decide something regarding this case." Dkt. No. 25. The government asked the Court to grant no further extensions beyond the instant request because Defendant-Appellant "no longer claims to be suffering from the effects of COVID-19." *Id.* The parties thereafter requested permission to file two subsequent reports based, in part, on a family health emergency in government counsel's family. The government notes that the Court originally suspended the briefing to afford Defendant-Appellant the opportunity to file a status report about a "pending settlement" or to file a motion to dismiss. Dkt. No. 12. It is the government's position that there are no feasible paths towards settlement, thus, it is the government's position that the Court should dismiss Defendant-Appellant's appeal for lack of prosecution. In the alternative, the government asks the Court to reinstate the briefing schedule.

Undersigned counsel also recently sent a letter to the district court judge presiding over Defendant-Appellant's underlying criminal case in the Eastern District of Virginia, seeking the appointment of counsel for the limited purpose of determining the basis of Mr. Faris' detention in Pakistan so as to ensure that it is not related to Faris' cooperation with the FBI which could implicate provisions of his plea agreement. (*United States v. Faris*, Case No. 1:03-cr-00189-LMB, Eastern District of Virginia). A copy of the letter will be filed separately under seal as sealed Exhibit

A, simultaneously to this status report. It is, thus, undersigned counsel's position that the briefing should be stayed until this issue can be resolved.

Undersigned counsel represents to the Court that this pleading is made in good faith and not for purposes of delay; and that under the circumstances of his providing counsel *pro bono*, he is without resources to further investigate Faris' situation in Pakistan. To date the Department of Justice has not been able to provide any further information regarding Faris' status and whereabouts in Pakistan, and undersigned counsel frankly does not know what else can be done under the circumstances.

Counsel represents to the Court that his report is filed in good faith and not for purposes of delay.

Respectfully Submitted,

/s/ THOMAS ANTHONY DURKIN
**THOMAS ANTHONY DURKIN**

**DURKIN & ROBERTS**
515 W. Arlington Place
Chicago, IL 60614
Tel: (312) 981-0123
tdurkin@durkinroberts.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN**

**DURKIN & ROBERTS**
515 W. Arlington Place
Chicago, IL 60614
Tel: (312) 981-0123
tdurkin@durkinroberts.com